## DAVID N. BARROW v. ISAAC BLOOM.

The general rule, as gathered from the text of our law is that a penal obligation being secondary to a primary one, the performance of which it is intended to assure, the creditor cannot, except in two contingencies, avail himself of the double remedy, in the event of the debtor's failure to fulfil the primary obligation; to enforce the performance of that, and to exact the penalty at one and the same time.

A PPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *Race & Foster*, for plaintiff. *Hart*, for defendant.

ILSLEY, J. The plaintiff seeks in this suit to recover from the defendant, the sum of one thousand dollars, the amount of a penal obligation, stipulated by the defendant, vendor, in an act of sale, in favor of the plaintiff, the vendee, therein.

The action was instituted on the 17th November, 1859, and before the trial of and the rendition of judgment in the lower Court, the principal obligation was performed; and proof of that fact was adduced on the trial of the case without any objection on the part of the plaintiff, who tacitly assented to the performance of this principal obligation.

The general rule, as gathered from the text of our law is, that a penal

David N. Barrow v. Isaac Bloom.

obligation being secondary to a primary one, the performance of which it is intended to assure, the creditor cannot, except in two contingencies, avail himself of the double remedy, in the event of the debtor's failure to fulfil the primary obligation, to enforce the performance of that and to exact the penalty at one and the same time.

The two exceptions to this general prohibitory rule, recognized by the civil law, are, first : when the penalty is expressly stipulated for the mere delay; and, second, when by a special stipulation, the penalty may be exacted, if the principal obligation is not executed.

In the agreement between the contracting parties, there are no express stipulations, exceptional stipulations, to justify a resort to both the remedies; and this is the construction put upon the contract by the plaintiff, himself, who does not pretend that he can exact the performance of both, but only sues for that of the penal obligation.

It was well observed by Larombière, in his Théorie et Pratique des obligations, page 19, that if a creditor claims the penalty, he cannot claim any thing else; for, it is in the nature of this accessory obligation that it merges and absorbs, within itself, by a species of novation, the principal obligation; transperat in se et quasi novatio prioris fiat L 44, § 6, f. f. de Oblig et act.

If he exacts the performance of the principal obligation (and in this suit, he tacitly accedes to and profits by that performance), what merger could there be of the principal into the secondary obligation ?

The object of a penal obligation is to indemnify the creditor for the inexecution of the primary undertaking; but if in the same suit (no matter in what form the fact is made patent) it appears that the primary obligation, has, with the assent, express or tacit, of the creditor, been performed, how can he in the same proceeding, too, exact the penalty for its inexecution, without trenching on the prohibitory rule of the law ?

The plaintiff might have maintained his election to recover the penalty by repudiating the performance of the principal obligation on the trial of his case in the lower Court; but he pursued a different course, and he cannot thus enjoy the benefit resulting from the execution of the principle obligation, and at the same time and in the same suit, recover the penalty for its inexecution.

If he is entitled to damages at all, they must be merely nominal damages, or the amount of damage actually sustained by him.

And the allowance of one hundred dollars, for that purpose, by the Judge of the District Court, is a sufficient indemnity.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, at the costs of the appellant.